O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SA

| | |
|---|---|
| TIMOTHY GUY PICQUELLE,<br><br>        Petitioner,<br><br>  v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No. CV 06-00887 DDP(PJW)<br><br>**ORDER REQUESTING CLARIFICATION ON SIGNATURE OF HABEAS PETITION** |

    Petitioner Timothy Picquelle, who appears <u>pro se</u>, filed a habeas petition on September 21, 2006; however his father Kenneth Picquelle appears to have prepared and possibly signed the petition on his behalf.  This Court asks for a clarification as to why it seems as though petitioner Timothy Picquelle did not sign his habeas petition.

An application for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting on his behalf." 28 U.S.C. § 2242. The United States Supreme Court has determined that an individual is authorized to sign on behalf of a petitioner seeking relief if that individual establishes "next friend" standing. <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 163 (1990). The two requirements for "next friend" standing are: 1) that the next friend provide "an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action;" and 2) that the next friend "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate" with a suggestion that "a next friend must have some significant relationship with the real party in interest." <u>Vargas v. Lambert</u>, 159 F. 3d, 1161, 1166 (9th Cir. 1998) (citing <u>Whitmore</u> at 163-164). Furthermore, the burden is "on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." <u>Id.</u> .

This Court requests that petitioner Timothy Picquelle offer some explanation as to why his signature does not seem to appear on the habeas petition. Alternatively, the Court requests that the plaintiff's father, Kenneth Picquelle, establish "next friend" standing or offer any other explanation as to why he apparently signed the petition on behalf of his son. The petitioner or his father shall submit this supplemental material on or before August 29, 2008. The Respondent may submit a response on or before September 8, 2008. The parties should also deliver a courtesy copy

to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles.

IT IS SO ORDERED.

Dated: July 15, 2008

_____
DEAN D. PREGERSON
United States District Judge